IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE CURTIN,<br><br>             Plaintiff,<br><br>     vs.<br><br>CYNTHIA CURTIN; AMADOR COUNTY CHILD PROTECTIVE SERVICES; LORI MONI; JUDGE JUDY HARLIN; JESSE FONBUAYNA,<br><br>             Defendants.<br>_____/ | No. 2:12-cv-2809-MCE-EFB PS<br><br><br><br><br><br><br><br>ORDER |

   This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). *See* Dckt. No. 2. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

   Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

1    Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2  520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if
3  it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4  *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5  (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7  a cause of action's elements will not do.  Factual allegations must be enough to raise a right to
8  relief above the speculative level on the assumption that all of the complaint's allegations are
9  true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable
10 legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12    In reviewing a complaint under this standard, the court must accept as true the allegations
13 of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740
14 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
15 the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must
16 satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule
17 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the
18 pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the
19 grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)
20 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21    Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
22 those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins.*
23 *Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &
24 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question
25 jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)
26 allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

(3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint, which appears to be brought under 42 U.S.C. § 1983, alleges that her adoptive mother, Cynthia Curtin, "planned and premeditated the removal and placement of [plaintiff's] son with her," "committed parental alienation," and emotionally and physically abused plaintiff and her child "both directly and through the courts." Compl., Dckt. No. 1, at 1. Plaintiff further alleges that the Department of Social Services removed her child on February 22, 2010 "without any clear and convincing evidence that [her] child had ever been abused and neglected," and "talked [plaintiff] into submitting to the adoption instead of taking it to trial or appealing the case because they told [plaintiff she] would not win." *Id.* at 1, 2. Plaintiff requests "a retrial," $100,000.00 "for personal damages and emotional distress and trauma," and returned custody of her son. *Id.* at 1.

Plaintiff's complaint fails to state any viable federal claims. First, the majority of plaintiff's allegations are against her adoptive mother, Cynthia Curtin. To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, defendant Curtin is not a state actor and was not otherwise acting under color of law. *See Sutton v. Providence St. Joseph Med. Ctr*., 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted). Section

3

1  "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong."
2  *Id.* (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal
3  quotation marks omitted)).

4  Additionally, although plaintiff names Judge Judy Harlin as a defendant, judges are
5  absolutely immune from suit for judicial actions taken by them in the course of their official
6  duties in connection with a case, unless those actions are taken in the complete absence of all
7  jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Plaintiff makes no factual allegations
8  that Judge Harlin acted outside the scope of her judicial capacity or lacked jurisdiction.
9  Therefore, Judge Harlin is immune from liability in this § 1983 action. *Pierson v. Ray*, 386 U.S.
10 547, 554 (1967) (finding that judicial immunity is applicable to § 1983 actions).

11 Moreover, plaintiff has not sufficiently alleged that any of the other defendants violated
12 her federal constitutional or statutory rights. Plaintiff's complaint includes no factual allegations
13 against defendant Moni or defendant Fonbuayna. Additionally, although plaintiff vaguely
14 alleges that the Department of Social Services removed her child on February 22, 2010 "without
15 any clear and convincing evidence that [her] child had ever been abused and neglected," and
16 "talked [plaintiff] into submitting to the adoption instead of taking it to trial or appealing the case
17 because they told [plaintiff she] would not win," plaintiff has not alleged sufficient facts to raise
18 more than a speculative right to relief on any claim that the Department of Social Services
19 violated plaintiff's constitutional rights since it is unclear when, where, how, and why those
20 rights were allegedly violated.

21 Further, even if plaintiff had alleged facts sufficient to state a claim under § 1983, it
22 appears that plaintiff's claims regarding the removal of her son would likely be barred by the
23 applicable statute of limitations. Because § 1983 contains no specific statute of limitations,
24 federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v.*
25 *Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). California has a two-year statute of limitations for
26 personal injury actions. Cal. Civ. Proc. Code § 335.1. Plaintiff did not file this action until

November 2012, even though she alleges that her son was removed from her on February 22, 2010.[1] *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004); Cal. Civ. Proc. Code § 335.1.  The statute of limitations begins when all elements of a cause of action have occurred and the moving party knows of the facts supporting this cause of action (even if the party does not realize she has a right to bring suit).  *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."); *Migliori v. Boeing N. Am. Inc.*, 114 F. Supp. 2d 976, 982 (C.D. Cal. 2000).

Moreover, under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).  The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief.  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n. 16).  *Rooker-Feldman* thus bars federal adjudication of any suit whether a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision.  *Id.* at 900 n.4.  The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case.  *Samuel v. Michaud*, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997); *see also Branson v. Nott*, 62 F.3d

---

[1] The complaint does not make it clear when any of the defendants allegedly talked her into submitting to an adoption of her son or when that adoption occurred.  Therefore, the court cannot determine whether any claims based on those allegations would be barred by the statute of limitations.

5

1  287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim
2  seeking, inter alia, implicit reversal of state trial court action). "That the federal district court
3  action alleges the state court's action was unconstitutional does not change the rule." *Feldman*,
4  460 U.S. at 486. In sum, "a state court's application of its rules and procedures is unreviewable
5  by a federal district court. The federal district court only has jurisdiction to hear general
6  challenges to state rules or claims that are based on the investigation of a new case arising upon
7  new facts." *Samuel*, 980 F. Supp. at 1412-13.

8  Accordingly, plaintiff's complaint must be dismissed. However, plaintiff is granted leave
9  to file an amended complaint, if she can cure the defects set forth herein and can allege a basis
10 for this court's jurisdiction, as well as a cognizable legal theory and sufficient facts in support of
11 that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
12 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
13 their complaints). Should plaintiff choose to file an amended complaint, the amended complaint
14 shall clearly set forth the allegations against each defendant and shall specify a basis for this
15 court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in
16 "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as
17 required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper
18 that bears line numbers in the left margin, as required by Eastern District of California Local
19 Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each
20 claim alleged and against which defendant or defendants the claim is alleged, as required by
21 Rule 10(b), and must plead clear facts that support each claim under each header.

22 Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to
23 make an amended complaint complete. Local Rule 220 requires that an amended complaint be
24 complete in itself. This is because, as a general rule, an amended complaint supersedes the
25 original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once
26 plaintiff files an amended complaint, the original no longer serves any function in the case.

6

Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 2, is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: November 20, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7