IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMIE CURTIN,

      Plaintiff,                                      No. 2:12-cv-2809-MCE-EFB PS

      vs.

ATTORNEY KORI TEARPACK;
AMADOR COUNTY DEPARTMENT
OF SOCIAL SERVICES;

      Defendants.                           ORDER

_____/

This case, in which plaintiff is proceeding pro se and in forma pauperis, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On November 21, 2012, the undersigned dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), but provided plaintiff thirty days to file an amended complaint. Dckt. No. 3. The order explained that "[f]ailure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed." *Id.* at 7. Because the deadline passed and plaintiff failed to file an amended complaint, on January 3, 2013, the undersigned issued findings and recommendations, recommending that the action be dismissed without prejudice for failure to prosecute. Dckt. No. 4.

////

1

On January 17, 2013, plaintiff filed a letter to the court, Dckt. No. 5, and on January 22, 2013, filed an amended complaint and objections to the findings and recommendations.[1] Dckt. Nos. 6, 7. Plaintiff contends that she was unable to timely file her amended complaint due to a last minute move. Dckt. No. 7. In light of that representation, and because plaintiff is now attempting to prosecute this action, the recommendation that the action be dismissed for failure to prosecute will be vacated.

However, that does not complete the required inquiry. As provided in the November 21, 2012 order, pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

---

[1] Plaintiff also filed a second application to proceed in forma pauperis. Dckt. No. 8. However, because plaintiff's initial application to proceed in forma pauperis was granted, plaintiff's second application will be denied as moot.

(1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

In her amended complaint, plaintiff sues attorney Kori Tearpack and the Amador County Department of Social Services under 42 U.S.C. § 1983 for allegedly violating plaintiff's Fourth

////
////
////

3

and Fourteenth Amendment rights.[2] Dckt. No. 6. Plaintiff alleges that "CPS violated [her fourth amendment rights] by detaining [her] child without first obtaining a warrant and without having clear and convincing evidence of abuse or neglect." *Id.* at 2. She further alleges that "they used excessive force by using cops at gun point" and unnecessarily detained her pursuant to California Welfare and Institutions Code 5150 (involuntary psychiatric hold). *Id.* Plaintiff further contends that she "suffered personal injury by becoming homeless when [her] son was placed with [her] adoptive mother" since she was living with her mother at the time. *Id.*

Plaintiff also alleges that both defendants violated her Fourteenth Amendment rights because when plaintiff asked her attorney Tearpack to file an appeal, Tearpack said that they would not win; instead, Tearpack told plaintiff "to submit" and plaintiff did. *Id.* at 3. Plaintiff further alleges that they "took" her son, who she contends is her "natural property," by adopting him to plaintiff's adoptive mother. *Id.* Plaintiff requests that the court return custody of plaintiff's son to plaintiff because she needs her son, he needs her, and plaintiff fears for his safety. *Id.* Plaintiff also seeks $4.9 million for her "personal injury." *Id.*

As an initial matter, although the November 21, 2012 order gave plaintiff detailed instructions regarding the format and content necessary in any amended complaint, Dckt. No. 3 at 6, plaintiff has not complied with that order. Moreover, plaintiff still has not alleged sufficient facts to raise more than a speculative right to relief on any of her claims.

To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff has not alleged that defendant Tearpack is a state actor or was otherwise acting under color of law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a

---

[2] The allegations and defendants in plaintiff's amended complaint differ significantly from those in plaintiff's initial complaint.

4

governmental actor) (citation and quotations omitted). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Id.* (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)).

Further, plaintiff has not sufficiently alleged that either of the defendants violated her federal constitutional or statutory rights. Although plaintiff vaguely alleges that her detention and the removal of her son violated her Fourth Amendment rights and that both defendants violated her Fourteenth Amendment rights by encouraging plaintiff to submit to the adoption of her son, plaintiff has not alleged sufficient facts to raise more than a speculative right to relief on any of those claims since it is unclear when, where, how, and why those rights were allegedly violated.

Moreover, even if plaintiff had alleged facts sufficient to state a claim under § 1983, it appears that plaintiff's claims regarding her detention and the removal of her son would likely be barred by the applicable statute of limitations. Because § 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). California has a two-year statute of limitations for personal injury actions. Cal. Civ. Proc. Code § 335.1. Although plaintiff's amended complaint does not indicate when the alleged constitutional violations occurred, plaintiff's initial complaint stated that her son was removed on February 22, 2010, Dckt. No. 1 at 2, yet plaintiff did not file this action until November 2012.[3] *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004); Cal. Civ. Proc. Code § 335.1. The statute of limitations begins when all elements of a cause of action have occurred and the moving party knows of the facts supporting this cause of action (even if the party does not realize she has a right to bring suit).

---

[3] Neither complaint makes it clear when any of the defendants allegedly talked her into submitting to an adoption of her son or when that adoption occurred. Therefore, the court cannot determine whether any claims based on those allegations would be barred by the statute of limitations.

5

*Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."); *Migliori v. Boeing N. Am. Inc.*, 114 F. Supp. 2d 976, 982 (C.D. Cal. 2000).

Additionally, although plaintiff seeks returned custody of her son, under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n. 16). *Rooker-Feldman* thus bars federal adjudication of any suit whether a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. *Id.* at 900 n.4. The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case. *Samuel v. Michaud*, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997); *see also Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action). "That the federal district court action alleges the state court's action was unconstitutional does not change the rule." *Feldman*, 460 U.S. at 486. In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." *Samuel*, 980 F. Supp. at 1412-13.

////

Accordingly, plaintiff's amended complaint must be dismissed. However, plaintiff is granted leave to file a second amended complaint, if she can cure the defects set forth herein and can allege a basis for this court's jurisdiction, as well as a cognizable legal theory and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file a second amended complaint, the second amended complaint shall specify a basis for this court's subject matter jurisdiction and shall clearly set forth the allegations against each defendant. Any second amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any second amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header, including allegations regarding when the allegedly unconstitutional conduct occurred.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files a second amended complaint, the original and first amended complaint no longer serve any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this

7

court's Local Rules, or any court order may result in a recommendation that this action be dismissed for failure to prosecute and/or for failure to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *see also* Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. The January 3, 2013 findings and recommendations are vacated.

2. Plaintiff's January 22, 2013 application to proceed in forma pauperis, Dckt. No. 8, is denied as moot.

3. Plaintiff's amended complaint, Dckt. No. 6, is dismissed with leave to amend as provided herein.

4. Plaintiff is granted thirty days from the date of this order to file a second amended complaint, as provided herein and in the November 21, 2012 order.  The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

5. If plaintiff fails to timely file a second amended complaint, the undersigned will once again recommend that this case be dismissed for failure to prosecute and/or for failure to comply with court orders.

DATED: January 24, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE