IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMIE CURTIN,

        Plaintiff,                           No. 2:12-cv-2809-MCE-EFB PS

    vs.

CYNTHIA CURTIN; AMADOR COUNTY CHILD PROTECTIVE SERVICES; LORI MONI; JUDGE JUDY HARLIN; JESSE FONBUAYNA,     ORDER AND
                                                          FINDINGS AND RECOMMENDATIONS

        Defendants.
_____/

       This case, in which plaintiff is proceeding pro se and in forma pauperis, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On January 24, 2013, the court dismissed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2), with leave to file a second amended complaint on or before February 25, 2013. Dckt. No. 9. Then, on February 28, 2013, the court granted plaintiff's request for an extension of time and provided plaintiff until April 3, 2013 to file her second amended complaint. Dckt. No. 17; *see also* Dckt. No. 16.

       On March 25, 2013, plaintiff filed a motion for an additional thirty day extension of time to file her second amended complaint, as well as an application for a temporary restraining order against defendant Cynthia Curtin "ordering that she may not use the law to interfere with

1

[plaintiff] prosecuting [this] case and preventing [plaintiff] from exercising [her] civil rights." Dckt. No. 18 at 2. Plaintiff contends that Cynthia Curtin violated her right to equal protection under 42 U.S.C. § 1981(a). *Id.* at 2. Specifically, plaintiff alleges that Cynthia Curtin, plaintiff's adoptive mother, offered to let plaintiff stay at her house temporarily and then started an argument with plaintiff, after which Cynthia Curtin called the police. *Id.* According to plaintiff, Cynthia Curtin then had plaintiff arrested for violating a domestic violence restraining order that plaintiff contends Cynthia Curtin obtained after creating false evidence against plaintiff. *Id.* Plaintiff also contends that Cynthia Curtin has attempted to have plaintiff arrested two additional times. *Id.* According to plaintiff, "[t]his all started after Cynthia learned that [plaintiff] had started filing a case in federal court to exercise [her] civil rights and attempt to obtain custody [back] of her son." *Id.* Therefore, plaintiff contends that she needs a restraining order against Cynthia Curtin. Plaintiff also seeks an additional thirty days to amend her complaint, arguing that because of the "interference" caused by Cynthia Curtin, plaintiff is "just now stable enough to start amending [her complaint] at this time." *Id.* at 2-3.

In light of plaintiff's representations, her request for an additional extension of time to file her second amended complaint will be granted. However, because plaintiff has not shown that she is entitled to a temporary restraining order, the undersigned will recommend that that request be denied.[1]

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

---

[1] Plaintiff also has not complied with the procedural requirements for seeking a temporary restraining order, as set forth in Federal Rule of Civil Procedure 65(b) and Eastern District of California Local Rule 231.

"The standards for granting a temporary restraining order and a preliminary injunction are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 9 (2008)). Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Here, plaintiff's initial and first amended complaints have both been dismissed for failure to state a claim, Dckt. Nos. 3, 9, and although plaintiff's restraining order application indicates that Cynthia Curtin violated plaintiff's right to equal protection under 42 U.S.C. § 1981(a), she has not demonstrated any likelihood of success on such a claim against Cynthia Curtin. *See* 42 U.S.C. § 1981(a) (providing that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . as is enjoyed by white citizens."); *see also Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75, (2006) (holding that § 1981 protects the equal right of all persons "without respect to race"); *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1123 (9th Cir. 2008) (holding that § 1981 "creates a cause of action only for those discriminated against on account of their race or ethnicity"); *White v. Wash. Pub. Power Supply Sys.*, 692 F.2d 1286, 1290 (9th Cir. 1982) (holding that it is "well settled that section 1981 only redresses discrimination based on

3

1  plaintiff's race"). Accordingly, plaintiff has not shown any likelihood of success on the merits,
2  or even that serious questions have been raised. *See Alliance for Wild Rockies v. Cottrell*, 622
3  F.3d 1045, 1049-50 (9th Cir. 2010). Nor has plaintiff shown that she is likely to suffer
4  irreparable harm in the absence of preliminary relief. Therefore, the undersigned will
5  recommend that plaintiff's motion for a temporary restraining order be denied.

6      Accordingly, IT IS HEREBY ORDERED that:

7      1. Plaintiff's request for an additional extension of time to file her second amended
8  complaint, Dckt. No. 18, is granted;

9      2. Plaintiff has until May 3, 2013 to file a second amended complaint, as provided in the
10 January 24, 2013 order; and

11     3. Failure to timely file a second amended complaint in accordance with this order will
12 result in a recommendation this action be dismissed.

13     IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining
14 order, Dckt. No. 18, be denied.

15     These findings and recommendations are submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
17 after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties. Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
20 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
21 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

22 DATED: March 28, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4