IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMIE CURTIN,

      Plaintiff,

vs.

THE STATE OF CALIFORNIA;
GOVERNOR JERRY BROWN;
STATE OF CALIFORNIA DEPARTMENT
OF HEALTH AND HUMAN SERVICES;
DEBRA BOWEN; AMADOR COUNTY
DEPARTMENT OF SOCIAL SERVICES;
TRACY RUSSELL; JESSE FONBUENA;
LORI MONNIE; CYNTHIA CURTIN;
AMADOR COUNTY SHERIFF'S
DEPARTMENT; OFFICER RIDDLE;
KORI TEARPAK,

      Defendants.
_____/

No. 2:12-cv-2809-MCE-EFB PS

FINDINGS AND RECOMMENDATIONS

    This case, in which plaintiff is proceeding *in propria persona* and *in forma pauperis*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On November 21, 2012, the undersigned granted plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 3.

/////

1

The order noted that plaintiff's complaint, which appeared to be brought under 42 U.S.C. § 1983, alleged that her adoptive mother, Cynthia Curtin, "planned and premeditated the removal and placement of [plaintiff's] son with her," "committed parental alienation," and emotionally and physically abused plaintiff and her child "both directly and through the courts." ECF No. 3 at 3 (quoting Compl., ECF No. 1, at 1). Plaintiff further alleged that the Department of Social Services removed her child on February 22, 2010 "without any clear and convincing evidence that [her] child had ever been abused and neglected," and "talked [plaintiff] into submitting to the adoption instead of taking it to trial or appealing the case because they told [plaintiff she] would not win." *Id.* (quoting Compl. at 1, 2).

The court then found that the complaint failed to state any viable federal claims. First, the majority of plaintiff's allegations were against her adoptive mother, Cynthia Curtin, even though plaintiff had not demonstrated that defendant Curtin was a state actor or was otherwise acting under color of law. ECF No. 3 at 3-4; *West v. Atkins*, 487 U.S. 42, 48 (1988) (To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted). Additionally, although plaintiff named Judge Judy Harlin as a defendant, the court noted that judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless those actions are taken in the complete absence of all jurisdiction, and plaintiff made no factual allegations that Judge Harlin acted outside the scope of her judicial capacity or lacked jurisdiction. Therefore, the court found that Judge Harlin was immune from liability in this § 1983 action. ECF No. 3 at 4; *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (finding that judicial immunity is applicable to § 1983 actions).

/////

The court then found that plaintiff had not sufficiently alleged that any of the other defendants violated her federal constitutional or statutory rights, and that even if plaintiff had alleged facts sufficient to state a claim under § 1983, it appears that plaintiff's claims regarding the removal of her son would likely be barred by the applicable statute of limitations. ECF No. 3 at 4-5. Finally, the court noted that under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. *Id.* at 5-6. Therefore, plaintiff's complaint was dismissed and plaintiff was given thirty days to file an amended complaint. *Id.* at 7.

Because the deadline passed and plaintiff failed to file an amended complaint, on January 3, 2013, the undersigned issued findings and recommendations, recommending that the action be dismissed without prejudice for failure to prosecute. ECF No. 4. Then, on January 17, 2013, plaintiff filed a letter to the court, ECF No. 5, and on January 22, 2013, filed an amended complaint and objections to the findings and recommendations. ECF Nos. 6, 7. Accordingly, on January 24, 2013, the court vacated the recommendation that the action be dismissed for failure to prosecute. ECF No. 9 at 2.

However, the court then dismissed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2). *Id.* at 7. The order noted that in her amended complaint, plaintiff sued attorney Kori Tearpack and the Amador County Department of Social Services under 42 U.S.C. § 1983 for allegedly violating plaintiff's Fourth and Fourteenth Amendment rights. *Id.* at 3-4 (citing First Am. Compl., ECF No. 6). Plaintiff alleged that "CPS violated [her fourth amendment rights] by detaining [her] child without first obtaining a warrant and without having clear and convincing evidence of abuse or neglect," and she further alleged that "they used excessive force by using cops at gun point" and unnecessarily detained her pursuant to California Welfare and Institutions Code 5150 (involuntary psychiatric hold). *Id.* at 4 (citing First Am. Compl. at 2). Plaintiff further alleged that she "suffered personal injury by becoming homeless when [her] son was placed with [her] adoptive mother" since she was living with her mother at

3

the time. *Id.* Plaintiff also alleged that both defendants violated her Fourteenth Amendment rights because when plaintiff asked her attorney Tearpack to file an appeal, Tearpack said that they would not win; instead, Tearpack told plaintiff "to submit" and plaintiff did. *Id.* (citing First Am. Compl. at 3). Plaintiff further alleged that they "took" her son, who she alleged was her "natural property," by adopting him to plaintiff's adoptive mother. *Id.*

The court found that plaintiff still had not alleged sufficient facts to raise more than a speculative right to relief on any of her claims, since she had not alleged that defendant Tearpack is a state actor or was otherwise acting under color of law, nor had she sufficiently alleged that either of the defendants violated her federal constitutional or statutory rights. *Id.* at 4-5. The court then reiterated that even if plaintiff had alleged facts sufficient to state a claim under section 1983, it appeared that plaintiff's claims regarding her detention and the removal of her son would likely be barred by the applicable statute of limitations, and although plaintiff sought returned custody of her son, under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. *Id.* at 5-6. Therefore, the first amended complaint was also dismissed, and plaintiff was provided thirty days to file a second amended complaint, if she could allege a cognizable legal theory and sufficient facts in support of that cognizable legal theory and if she could establish that subject matter jurisdiction is proper. *Id.* at 7.

Plaintiff's newly amended complaint is now before the court.[1] As noted in the court's earlier orders, although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face."

---

[1] The complaint is labeled a "third amended complaint," but is really plaintiff's second amended complaint. On January 24, 2013, plaintiff filed a duplicate copy of her amended complaint, which she labeled a second amended complaint, ECF No. 12; however, because that filing was a mere duplicate of her first amended complaint, which had already been addressed by the court, the purported "second amended complaint" was stricken. ECF No. 14.

4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

5

1 matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*
2 *Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction
3 of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of
4 subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*
5 *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

6 Plaintiff's "third amended complaint" is brought under 42 U.S.C. § 1983 and 42 U.S.C.
7 § 1985, against the State of California, Governor Jerry Brown, the State of California
8 Department of Health and Human Services, Debra Bowen, Amador County Department of
9 Social Services, Tracy Russell, Jesse Fonbuena, Lori Monnie, plaintiff's adoptive mother
10 Cynthia Curtin, Amador County Sheriff's Department, Sheriff Officer Riddle, Amador County,
11 court-appointed attorney Kori Tearpak, "and all other people involved acting under the color of
12 law under the umbrella of the Amador County Department of Social Services participating in the
13 unlawful detainment of [plaintiff's] child, C.Z.C and termination of [plaintiff's] parental rights."
14 ECF No. 20.  Plaintiff requests the immediate return of her child and $4.9 million in
15 compensation.  *Id.* at 2.

16 The "third amended complaint" alleges only the following facts: on February 17, 2010,
17 plaintiff's adoptive mother, Cynthia Curtin, picked plaintiff up to take her to her mental health
18 appointment.  *Id.* at 6.  After arriving at the Amador County Health and Human Services
19 building, where plaintiff was supposed to have her appointment, three sheriff's officers,
20 including Officer Riddle, "came in [plaintiff's] presence with guns in [her] face, asking [her]
21 about what mental health diagnosis [she] had, and then proceeded to tell [plaintiff] to hand the
22 baby over to [Ms.] Curtin."  *Id.* at 6-7.  Plaintiff alleges that she later discovered that Ms. Curtin
23 told the Department of Social Services that plaintiff posed a risk to her son, even though there
24 was no evidence of plaintiff's "parental unfitness."  *Id.* at 7.  Plaintiff contends that the social
25 worker, Jesse Fonbuena, did not obtain a warrant until the next day, on February 18, 2010, even
26 though plaintiff was placed on a 72 hour evaluation hold on February 17, 2010, which was also

6

the date plaintiff's son was detained. *Id.* Plaintiff alleges that she was released with documentation indicating that she was not a danger to herself or others, which proves that the allegations were false and that defendants' actions were unconstitutional and in violation of §§ 1983 and 1985. *Id.*

Plaintiff further alleges that, although she is not sure of the exact date of it, her attorney Kori Tearpack "acted unconstitutionally by talking [plaintiff] into submission of the adoption" by telling plaintiff before the hearing that if plaintiff appealed the adoption, she would not win. *Id.* at 8. Plaintiff contends that violated her due process because it interfered with plaintiff's right to an appeal. *Id.* Plaintiff adds that "[t]he rest of the defendants . . . were intertwined and worked together on the claims that violated [plaintiff's] constitutional rights," and they "were all connected and therefore all responsible . . . due to their 'customs' and/or 'policies.'" *Id.*

According to plaintiff, this action is not barred by the statute of limitations because the statute of limitations for conspiracy claims runs from the last overt act in furtherance of the conspiracy, which plaintiff contends was the termination of her parental rights and finalization of the adoption on June 30, 2011. *Id.*

Plaintiff's third amended complaint once again fails to state any viable federal claims. Although plaintiff alleges a § 1983 claim based on her contention that her son was improperly removed from her care in February 2010, that claim is barred by the applicable statute of limitations.[2] Because § 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). California has a two-year statute of limitations for personal injury actions. Cal. Civ. Proc. Code § 335.1. Plaintiff did not file this action until November 2012, even though

---

[2] In her third amended complaint, plaintiff contends that her §§ 1983 and 1985 claims are not barred by the statute of limitations for conspiracy claims because the last overt act in furtherance of the conspiracy occurred in June 2011, when her parental rights were terminated and the adoption of her son was finalized. ECF No. 20 at 8. However, plaintiff does not indicate why her § 1983 claim based on the February 2010 removal of her son is not barred by the two year statute of limitations applicable to § 1983 claims.

7

she alleges that her son was removed from her on February 22, 2010. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004); Cal. Civ. Proc. Code § 335.1. The statute of limitations begins when all elements of a cause of action have occurred and the moving party knows of the facts supporting this cause of action (even if the party does not realize she has a right to bring suit). *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."); *Migliori v. Boeing N. Am. Inc.*, 114 F. Supp. 2d 976, 982 (C.D. Cal. 2000).

Also, although plaintiff alleges a § 1983 claim based on her contention that Kori Tearpack violated plaintiff's due process rights "by talking [her] into submission of the adoption" and discouraging plaintiff from filing an appeal, plaintiff still has not established that Ms. Tearpack was a state actor or was otherwise acting under color of law, and plaintiff's conclusory allegations that all of the defendants "were intertwined and worked together" is sufficient to convert Ms. Tearpack to a state actor. *See Polk v. County of Dodson*, 454 U.S. 312, 325 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his or her function as counsel); *Simmons v. Sacramento County Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that a plaintiff could not sue opposing counsel under § 1983, "because he is a lawyer in private practice who was not acting under color of state law" and "[p]laintiff's conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient").

Further, plaintiff's vague and conclusory claims that all of the defendants engaged in a conspiracy to violate her constitutional rights, in violation of §§ 1983 and 1985, plaintiff has not alleged any facts that would raise more than a speculative right to relief on either such claim.

Conspiracy under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and "'an actual deprivation of constitutional rights,'" *Hart v. Parks*, 450 F.3d

1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989)).  While it is not necessary to prove each participant in a conspiracy know the exact parameters of the plan, they must at least share a general conspiratorial objective. *Woodrum,* 866 F.2d at 1126; *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir.1983); *Franklin,* 312 F.3d at 441 (each participant must at least share the common objective of the conspiracy) (quoting *United Steel Workers*, 865 F.2d at 1541)).  Vague and conclusory allegations with no supporting factual averments are insufficient to support a claim under § 1983.  *Woodrum*, 866 F.2d at 1126; *Aldabe v. Aldabe*, 616 F.2d 1089, 1090 (9th Cir.1980); *Lockry v. Kayfetz*, 587 F. Supp. 631, 639 (N.D. Cal. 1984) (allegations of conspiracy must be supported by material facts, not merely conclusory statements).

Additionally, although plaintiff has not alleged a basis for her purported § 1985 claim, because § 1985(1) and § 1985(2) are not applicable here, it appears plaintiff purports to state a claim under § 1985(3).  Section 1985(3) creates a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy."  42 U.S.C. § 1985(3); *see also* § 1985(1) (creating a civil action for preventing an officer from performing his or her duties); § 1985(2) (creating a civil action for obstructing justice or intimidating a party, witness, or juror).  The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury.  *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998)).  The first element requires that there be some racial or otherwise class-based "invidious discriminatory animus" for the conspiracy.  *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268–69, (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985).  Moreover, a plaintiff cannot state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983.  *See Caldeira v. Cnty.*

*of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), *cert. denied*, 493 U.S. 817 (1989).

Here, plaintiff has not adequately alleged any deprivation of her constitutional rights, nor has she alleged that there was any agreement or "meeting of the minds" by the defendants to deprive plaintiff of those constitutional rights. She also has not alleged any facts demonstrating that there was any invidiously discriminatory, racial or class-based animus on the part of defendants. Therefore, she has failed to state a conspiracy claim under either § 1983 or 1985(3).[3]

Finally, although the third amended complaint once again requests that plaintiff's son be returned to her custody, as this court has previously noted, under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n. 16). *Rooker-Feldman* thus bars federal adjudication of any suit whether a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. *Id.* at 900 n.4. The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state

---

[3] Additionally, although plaintiff alleges in her newly amended complaint that her §§ 1983 and 1985 claims are not barred by the statute of limitations for conspiracy claims because the last overt act in furtherance of the conspiracy occurred in June 2011, when her parental rights were terminated and the adoption of her son was finalized, she has alleged no facts suggesting any conspiracy relating to the termination of her parental rights.

case. *Samuel v. Michaud*, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997); *see also Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action). "That the federal district court action alleges the state court's action was unconstitutional does not change the rule." *Feldman*, 460 U.S. at 486. In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." *Samuel*, 980 F. Supp. at 1412-13.

Accordingly, plaintiff's third amended complaint must be dismissed. Given the nature of the deficiencies discussed above, and considering that plaintiff already had several opportunities to amend, it appears clear that plaintiff cannot cure the defects of this action and that granting leave to amend would be futile. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Therefore, plaintiff's third amended complaint should be dismissed without leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's third amended complaint, ECF No. 20, be dismissed without leave to amend; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

11

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 25, 2013.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE